AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Hortencia Lerma (1977/US) | ) | Case No. M-19-1119-M |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 15, 2019__ in the county of __Brooks__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC § 841 | Possession with Intent to Distribute a Controlled Substance / Approximately 8.82 Kilograms of Cocaine, a Schedule II Controlled Substance. |
| 21 USC § 846 | Conspiracy to Possess with Intent to Distribute a Controlled Substance / Approximately 8.82 Kilograms of Cocaine, a Schedule II Controlled Substance. |

This criminal complaint is based on these facts:

See Attachment "A"

☑ Continued on the attached sheet.

*approved by AUSA Frances E. Blake on 5/16/2019.*

*Complainant's signature*

Jorge Rodriguez, HSI Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 05/16/2019 — 8:40 a.m.

*Judge's signature*

City and state: McAllen, Texas

U.S. Magistrate Judge Juan Alanis
*Printed name and title*

**Attachment "A"**

I, Jorge L. Rodriguez, am a Task Force Officer of the United States Homeland Security Investigations (HSI) and have knowledge of the following facts. The facts related in this attachment do not reflect the totality of information known to me or other agents/officers, merely the amount needed to establish probable cause. I do not rely upon facts not set forth herein in reaching my conclusion that a complaint should be issued, nor do I request that this Court rely upon any facts not set forth herein in reviewing this attachment in support of the complaint.

1. On May 15, 2019, Homeland Security Investigations in McAllen, Texas, (HSI McAllen) received a request for investigative assistance from the U.S. Customs and Border Protection (CBP) Office of Border Patrol at the United States Border Patrol Checkpoint, in Falfurrias, Texas. Border Patrol Agents (BPAs) detained Hortencia Lerma (hereafter LERMA), a citizen of the United States, while attempting to smuggle approximately 8.28 kilograms of cocaine concealed within the cab area of the tractor trailer she was driving. LERMA was the sole occupant of the tractor trailer.

2. During the immigration inspection, BPAs asked LERMA what she was hauling to which she stated merchandise destined to Lowes and Home Depot in Florida. BPAs observed LERMA's hands were shaking when she handed over documents and LERMA exhibiting nervous behavior. BPAs referred LERMA and the tractor trailer to secondary inspection for an intensive examination due her excessive nervousness.

3. During secondary inspection, LERMA consented to a search of the tractor. A K9 drug detection team conducted a free air inspection which resulted in a positive alert for the odor of controlled substance(s) emanating from the tractor.

4. A physical search of the tractor revealed a total of eight (8) packages concealed within a closet behind the passenger's seat of the tractor. BPAs weighed the eight (8) packages, which weighed approximately 8.82 kilograms on a calibrated scale. BPAs field tested the substance inside the packages, with a presumptive positive result for the properties and characteristics of cocaine.

5. HSI Task Force Officer and Special Agents responded to the Border Patrol Checkpoint to assist in the investigation. HSI Task Force Officer and Special Agents attempted to interview LERMA, who declined to answer any questions.